**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1993
_____

MING JIE LOU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A99-523-016)
Immigration Judge: Eugene Pugliese
_____

Submitted Under Third Circuit LAR 34.1(a)
March 24, 2010

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed:  May 20, 2010)
_____

OPINION
_____

PER CURIAM

        Petitioner Ming Jie Lou, a citizen of China, seeks review of a final order of

removal. He fears persecution if removed based both on membership in an underground

Catholic church and on violations of China's coercive family planning policies. However, the only issue he raises on appeal is whether the decision of the Board of Immigration Appeals (BIA) is "so conclusory and deficient that it leaves nothing for review."

We do not believe the BIA's decision to be so opaque that our review is frustrated. This case is distinguishable from those in which we have remanded proceedings so that the BIA can sufficiently explain the reasoning for its decision. Accordingly, we will deny Lou's petition for review.

I.

Lou entered the United States without inspection in October 2005, and he conceded eligibility for removal. He sought asylum, withholding of removal, and protection under the Convention Against Torture. A hearing was held on Lou's applications for relief, and he testified to the events in China related to the claims in those applications. Lou testified that he had been a lifelong member in an underground Catholic church. He had a Catholic wedding, and his wife gave birth to a daughter in December 2004. Lou's wife became pregnant again in April 2005, but she was forced to undergo an abortion for violating China's one-child policy. Lou also testified that he was twice arrested by police for his involvement in the underground church, and that each time he was beaten while in detention.

The Immigration Judge (IJ) denied all relief, finding that Lou was not credible, and that in any event he had not demonstrated either a well-founded fear of persecution or a

likelihood of prospective torture. The BIA rejected the IJ's adverse credibility determination, but nonetheless dismissed Lou's appeal, finding that he had not met his burden of proof under any of the applicable standards. Lou appealed.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252. See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007). "Where the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ." Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008) (citation omitted). In the usual case, we review the BIA's findings for substantial evidence, upholding them "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). Any questions of law are reviewed de novo. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).

## III.

As noted at the outset, Lou raises a single claim on appeal: that the BIA's decision is "so conclusory and deficient that it leaves nothing for review."[1] He analogizes the BIA's decision in this case to those in two cases where we remanded proceedings to the BIA, Miah v. Ashcroft, 346 F.3d 434 (3d Cir. 2003), and Awolesi v. Ashcroft, 341 F.3d

---

[1] Because this is the only claim raised by Lou in his brief, all other potential claims are waived. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

227 (3d Cir. 2003). We do not agree with Lou, however, that Awolesi and Miah are analogous. In those cases, we found it impossible to decipher the BIA's rationale for one reason or another. By contrast, the BIA's decision in this case, while succinct, provides readily apparent reasons for rejecting each of Lou's claims.

In Awolesi, the BIA reversed the IJ's grant of asylum to a father and son from Nigeria, "with only the opaque explanation that 'the evidence is insufficient' and 'the arguments made by the [INS] on appeal . . . are persua[sive].'" Id. at 229. We granted the Awolesis' petition for review and remanded for further proceedings because, as it stood, the BIA's decision left us unable to tell "whether the BIA was making a legal decision that Awolesi was statutorily ineligible for asylum or whether it found Awolesi's story incredible." Id. The BIA's decision was only four sentences long and gave us "no indication" as to "what evidence the BIA used to come to its decision." Id. at 232-33.

In Miah, the IJ denied asylum to an alien from Bangladesh on the basis that he lacked sufficient credibility and corroboration to sustain his burden of proof. The BIA determined that the IJ's credibility finding was clearly erroneous, but it dismissed the appeal anyway, adopting the IJ's adverse corroboration findings. This was error under our precedent in Abdulai v. Ashcroft, 239 F.3d 542 (3d Cir. 2001), and we stated as follows: "Given that the IJ's corroboration ruling was informed by its adverse credibility determination, we conclude that the BIA should have conducted an independent corroboration analysis." Miah, 346 F.3d at 440. The BIA's failure to explain its

4

corroboration analysis made it "impossible for us to review its rationale." Id. (quoting Abdulai, 239 F.3d at 555).

Unlike in Miah and Awolesi, here we have no trouble importing the BIA's reasoning to conduct our review of Lou's order of removal. When Lou appealed the IJ's decision, he raised four claims of error: (1) the IJ's adverse credibility determination was not supported by substantial evidence; (2) the IJ erred in finding that Lou had not suffered past persecution on account of his religious activities; (3) the IJ erred in finding that Lou had not suffered past persecution on account of China's coercive population control policy; (4) the IJ erred in finding that Lou did not have a well-founded fear of future persecution on account of his religion; and (5) there were deficiencies in translation that denied Lou a full and fair hearing.

The BIA expressly addressed each one of Lou's claims.[2]  First, it agreed with Lou that the IJ's adverse credibility determination was not supported by substantial evidence, as the determination was "not adequately specific." Next, the BIA determined that Lou's alleged beatings while in police custody were not severe enough to constitute persecution for the purpose of demonstrating past persecution on account of his religious activities in China. Relying on Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008), the BIA rejected as a

---

[2]We note that a BIA decision is not insufficient merely because its discussion of certain issues could have been more detailed.  Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006) (citation omitted).  Instead, the BIA's analysis merely must be adequate to allow for meaningful review of the BIA's decision, and the BIA is not required to write an exegesis on every contention.  Id. (citation omitted).

5

matter of law Lou's attempt to impute past persecution from his wife's forced abortion. The BIA noted that Lou had failed to allege that he personally was persecuted or faced future persecution "for resistance to China's population control policies." The BIA also rejected Lou's claim that he possessed "a well-founded fear of persecution on account of his religious beliefs" because "his [church] activities do not appear to be significant." In addition, the BIA determined that the documentary evidence presented on appeal, which purported to demonstrate a pattern or practice of persecution against Catholics in China, did not warrant a remand to the IJ because there was no explanation why the documents that predated the IJ's decision were not brought to the IJ's attention. Finally, the BIA determined that Lou received a full and fair hearing, noting that Lou's allegation of deficiencies in translation was 'cursory' and did not establish any shortcoming warranting reversal.

We express no opinion on whether the BIA's rejections of Lou's claims were supported by substantial evidence. Those issues are not before us. Instead, we hold only that the reasoning of the BIA was sufficiently presented in its written decision. As a result, we will deny Lou's petition for review.